JERRY E. SMITH, Circuit Judge,
dissenting:
Because Sheila Goudeau has not alleged facts sufficient to show that she spoke as a private citizen on a matter of public concern, I respectfully dissent from the majority’s decision to deny qualified immunity.
I.
The majority elects to address whether Goudeau’s speech was on a “matter of public concern” but refuses to consider whether it was “uttered as a private citizen or as an employee” as required by Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), and its Fifth Circuit progeny. The majority does so on the ground that “none of the Defendants argued to the district court or in their briefing on appeal that Goudeau’s speech is not protected based on Garcetti’s requirement that she speak as a private citizen,” and as a result, “Shamlin has waived any argument on this issue.” There is, however, no waiver.
Whether the speech is on a matter of public concern is intimately connected to whether Goudeau was speaking as a private citizen or as an employee. As the majority acknowledges, this prong of the employee speech test is whether Goudeau spoke “as a citizen on a matter of public concern” (emphasis added). The majority adds that “[tjhis prong also involves consideration of whether Goudeau’s speech was uttered as a private citizen or as an employee” (citing, inter alia, Garcetti, id.). That, of course, is consistent with the Supreme Court’s leading decisions, including the one the majority declines to apply, Garcetti, id. (“Pickering and the cases decided in its wake identify two inquiries to guide interpretation of the constitutional protections accorded to public employee speech. The first requires determining whether the employee spoke as a citizen on a matter of public concern.... Ceballos did not act as a citizen when he went about conducting his daily professional activities. ...” (emphasis added)).[1]
Neither party waived the argument regarding public concern, and the majority focuses precisely on that issue. That the parties misstated the law with respect to that prong of our employee speech cases— by overlooking the requirement that the speech be made as a private citizen rather than as an employee — is no justification for this court’s accepting the law as the parties have described it.[2]
*440 It may be that the parties did not specifically cite this circuit’s cases elaborating on the private-citizen requirement of the public-concern test (though the district court at one point did mention Garcetti). But neither did the parties mention any of the cases that the majority cites as justification for the conclusion that Goudeau’s speech was on a matter of public concern.
The key to today’s holding is the set of cases suggesting that reporting official misconduct, such as the misuse of public funds, is a matter of public concern.[3] Yet the only one of those cases cited by either party is Kinney, and for a completely different proposition. Perhaps more remarkably, all of these cases predate Garcetti and this court’s Garcetti progeny. If the majority is willing to delve into outdated caselaw cited by neither party to flesh out the requirements of the public-concern test, then it should be willing to address this circuit’s more recent and apposite cases elaborating on the private-citizen component of that test. When that test is applied, Goudeau does not state a constitutional claim.
II.
By finding that Goudeau’s speech was a matter of public concern — and by ignoring that she was not speaking as a private citizen — the majority disregards Williams v. Dallas Independent School District, 480 F.3d 689 (5th Cir.2007) (per curiam), and Davis. Those decisions require that our first task be “to determine whether [Gou-deau’s] speech was part of her official duties, that is whether she spoke as a citizen or as part of her public job.” Davis, 518 F.3d at 312. Interpreting the most recent Supreme Court case on public-employee speech, this court in Williams explained that “we must shift our focus from the content of the speech to the role the speaker occupied when he said it.” Williams, 480 F.3d at 692 (citing Garcetti, 547 U.S. at 421-22, 126 S.Ct. 1951). “Even if [ ] speech is of great social importance, it is not protected by the First Amendment so long as it was made pursuant to [a] worker’s official duties.” Id.
Goudeau alleges that she voiced displeasure with the grade-inflation policy to its progenitor, Shamlin, who subsequently harassed and threatened her and eventually transferred her to a less prestigious school. Goudeau then complained to Johnson, and after Johnson took no action, Goudeau filed a grievance that made its way up Shamlin’s chain of command through three levels of adjudication. As Goudeau’s attorney admitted at oral argument, there is no evidence that Goudeau ever complained to anyone at any entity outside the school board’s purview.
These facts fall squarely within our case-law holding that an employee’s grievances brought up the chain of command are not protected speech. Although “it is not dis-positive that a public employee’s statements are made internally ... the caselaw is unanimous in holding that [an] employee’s communications that relate to his own job function up the chain of command, at least within his own department or division, fall within his official duties and are *441 not entitled to First Amendment protection.” Davis, 518 F.3d at 318 n. 3 (citation omitted). Like the statements of the plaintiffs in Williams and Garcetti, Gou-deau’s speech was made internally, was routed through her chain of command, and focused on her own job function. See Garcetti 547 U.S. at 414, 126 S.Ct. 1951; Williams, 480 F.3d at 692-94.
Goudeau was not required to complain about Shamlin’s grade-changing policy, but that fact “does not mean [she] was not acting within the course of performing [her] job.” Williams, 480 F.3d at 694. Unlike the plaintiffs in Davis and Charles v. Grief, 522 F.3d 508 (5th Cir.2008), Gou-deau did not contact any governmental stakeholders outside the school system, such as state legislators or federal agencies. See Charles, 522 F.3d at 510; Davis, 518 F.3d at 314.
The majority’s citation of cases saying that speech on the misuse of public funds, illegal activity, or other official malfeasance is automatically of public concern also ignores Williams and Davis. In Williams, an athletic director wrote his superiors complaining precisely about the misuse of athletic funds, yet that was not sufficient to state a First Amendment claim, because his “speech was made in the course of performing his employment.” Williams, 480 F.3d at 694.
In Davis, part of the complaint was that hospital physicians were viewing child pornography on work computers and that an investigation into the illegal activity was thwarted by administrative officials. Yet this court held that even those allegations of illegality — because they were made within the university hospital system— were “clearly made [by Davis] as an employee.” Only those allegations made to the FBI and the EEOC “were not made [by Davis] as an employee.” Davis, 518 F.3d at 315-16.
When she complained about Shamlin’s grade-altering policy to Shamlin’s supervisors, Goudeau was speaking pursuant to her official duties, not as a citizen. As a result, defendants’ alleged violation of school-board policy and state law neither implicates the First Amendment nor violates § 1983. Because Goudeau’s claim does not pass the test established by Gar-cetti, the case ought to be at an end: Goudeau has failed to plead a constitutional violation, and all defendants are entitled to qualified immunity.[4] I respectfully dissent.

. See Pickering v. Bd. of Ed. of Twp. High Sch., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) ("The problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees” (emphasis added).).

. Cf. Davis v. McKinney, 518 F.3d 304, 315 (5th Cir.2008) ("The district court did not discuss the individual components of Davis’ *440 speech listed above or consider whether each category of speech was related to plaintiff's job duties. Instead, it treated the Complaint Letter and other communications as a whole. However, because the question of whether a communication is made as an employee or as a citizen is a question of law, we proceed with the analysis [of the individual components].”).

. See Modica v. Taylor, 465 F.3d 174 (5th Cir.2006); Wallace v. Cnty. of Comal, 400 F.3d 284 (5th Cir.2005); Kinney v. Weaver, 367 F.3d 337 (5th Cir.2004) (en banc); Branton v. City of Dall., 272 F.3d 730 (5th Cir.2001).

. Further, it is hardly evident that Goudeau’s and the public’s interest in the speech would outweigh the normal governmental interest that schools could assert in promoting uniformity of classroom policies. We need not reach that argument, however, because this prong of the Pickering test was actually waived.